**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**DONALD EUGENE WARD, JR.,**

**Petitioner,**

**v.** **Case No: 5:24-cv-716-WFJ-PRL**

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

**Respondent.**

---

**ORDER**

Before the Court is Petitioner Donald Eugene Ward, Jr.'s *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). Petitioner is challenging his conviction entered by the Fifth Judicial Circuit in and for Marion County, Florida, in case number 1998-CF-134. *Id*. at 2. Court records reflect that Petitioner has previously filed a federal habeas petition in the Middle District of Florida in case number 5:05-cv-513-WTH-GRJ, challenging the same Marion County, Florida conviction that petition challenges in this Petition. The petition in the previous case was dismissed as untimely. *See* Doc. 13, Case No. 5:05-cv-513-WTH-GRJ.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a district court lacks jurisdiction to hear a "second or successive" § 2254 petition absent an order from the appropriate appellate court authorizing the petition's consideration. "[A] second petition is successive if the first was denied or dismissed with prejudice." *Candelario v. Warden*, 592 F. App'x 784,

785 n.1 (11th Cir. 2014).[1] Dismissal of a § 2254 petition as untimely constitutes a dismissal with prejudice. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325–26 (11th Cir. 2017) (en banc).

Here, there is no dispute that Petitioner's first § 2254 petition was dismissed as untimely. Because that dismissal operates as one with prejudice, *see id.*, Petitioner's instant § 2254 petition is successive, *see Candelario*, 592 F. App'x at 785 n.1. Petitioner does not allege that he applied to the Eleventh Circuit for an order authorizing the Court to consider his successive petition. This Court is therefore without jurisdiction to hear Petitioner's claims. And because the Court is without jurisdiction, it cannot issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

Accordingly, Petitioner's § 2254 Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. A certificate of appealability is denied, and Petitioner is not entitled to proceed on appeal *in forma pauperis*. The Clerk is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** at Tampa, Florida, on January 6, 2025.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to:**
Petitioner, *pro se*

[1] Unpublished opinions of the court of appeals are not binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.